COMMONWEALTH of Pennsylvania,
Appellee,

v.

Christopher A. WALL, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 7, 2004.
Filed Jan. 20, 2005.

Michael R. Hadley, Oil City, for appellant.

James P. Carbone, Asst. Dist. Atty., Franklin, for Com., appellee.

BEFORE: JOYCE, TAMILIA and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Christopher A. Wall appeals from the February 6, 2004 judgment of sentence entered in the Court of Common Pleas, Venango County, following his conviction for driving under the influence of alcohol. Upon review, we reverse the imposition of the additional assessment pursuant to 18 Pa.C.S.A. § 7508.1(c).

¶ 2 On July 12, 2002, Wall was arrested for driving under the influence of alcohol pursuant to 75 Pa.C.S.A. § 3731(a)(4) (amount of alcohol by weight in the blood is 0.10% or greater). His blood alcohol content (BAC) level was 0.24%. On November 5, 2003, Wall entered his guilty plea. On February 6, 2004, the trial court sentenced Wall to three to twenty-four months imprisonment, to pay a fine of $700.00, to pay costs, and to pay the $200.00 additional assessment pursuant to 18 Pa.C.S.A. § 7508.1(c). This was Wall's second driving under the influence of alcohol offense.

¶ 3 On February 9, 2004, Wall filed post-sentence motions challenging the imposition of the additional assessment pursuant to § 7508.1(c). The trial court denied the motions, and Wall timely appealed. Wall filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court indicated

that it would rely on its February 23, 2004 opinion.

¶4 On appeal, Wall questions whether the trial court may impose the $200.00 additional assessment pursuant to 18 Pa. C.S.A. § 7508.1(c) because the statute went into effect *after* he committed the DUI-alcohol offense. Wall argues that such an imposition violates the prohibition against *ex post facto* laws contained in the United States Constitution and the Pennsylvania Constitution.

■ ¶5 "A trial court's application of a statute is a question of law, and our standard of review is plenary." *Commonwealth v. Fleming*, 801 A.2d 1234, 1236 (Pa.Super.2002) (citation omitted). "Moreover, our review is limited to determining whether the trial court committed an error of law." *Id.*, 801 A.2d at 1236 (citation omitted).

¶6 Pennsylvania enacted § 7508.1(c) on December 9, 2002, and the statute took effect sixty days later, specifically, on February 7, 2003. Section 7508.1 established the Substance Abuse Education and Demand Reduction Fund as an account in the State Treasury. *See* 18 Pa.C.S.A. § 7508.1(a). Subsection (c) provides an additional assessment of $200.00 to all persons convicted for violation of 75 Pa.C.S.A. § 3731 (now § 3802) where the amount of alcohol by weight in the blood is 0.15% (now 0.16%)[1] or greater. *See* 18 Pa.C.S.A. § 7508.1(c). Subsection (d) provides that the money shall be divided equally between county substance abuse programs and the state's Substance Abuse Education and Demand Reduction Fund. The Legislature did not declare that § 7508.1 should apply retroactively.

¶7 In the present case, the incident from which the offense stems occurred on July 12, 2002. The additional assessment was adopted on December 9, 2002, and went into effect on February 7, 2003. Wall pleaded guilty on November 5, 2003, after the effective date of § 7508.1(c). The trial court sentenced Wall on February 6, 2004, and imposed the additional assessment. The trial court imposed the additional assessment pursuant to § 7508.1(c) because Wall's BAC level was greater than 0.15%. *See* Trial court opinion, 2/23/04, at 1. Wall argues such action violated the prohibition against *ex post facto* laws in the United States and Pennsylvania constitutions.

■ ¶8 The United States Constitution and the Pennsylvania Constitution prohibit the passing of *ex post facto* laws. *See* U.S. Const, Art. 1, § 10; Pa. Const., Art. 1, § 17. "A state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'" *Fleming*, 801 A.2d at 1237 (citation omitted).

¶9 The record clearly indicated that Wall's arrest for driving under the influence of alcohol occurred before the enactment of additional assessment pursuant to § 7508.1(c). Therefore, the only issue is whether the imposition of the additional assessment inflicted upon Wall a greater punishment than the DUI-alcohol law in effect when he committed the offense. The trial court found that the additional assessment was remedial in nature and did not constitute punishment; accordingly, the trial court found that imposing the additional assessment did not violate the

---

1. 75 Pa.C.S.A. § 3731 was repealed by 2003, Sept. 30, P.L. 120, No. 24, § 14 and went into effect February 1, 2004, and was replaced with 75 Pa.C.S.A. § 3802. Subsequently, subsection 7508.1(c) was amended to change the reference of § 3731 to § 3802 and the BAC level from 0.15% to 0.16%.

*ex post facto* laws. We disagree with the trial court's finding and conclude that the imposition of the additional assessment pursuant to § 7508.1(c) constituted punishment. In reaching this conclusion, we employ the *Artway/Verniero* test as set forth in *Commonwealth v. Gaffney,* 557 Pa. 327, 733 A.2d 616 (1999).[2]

■ ¶ 10 Under the *Artway/Verniero* test, a statutory provision will be considered punishment where any of the following three criterion are found: "(1) the legislature's actual purpose is punishment, (2) the objective purpose is punishment, or (3) the effect of the statute is so harsh that 'as a matter of degree' it constitutes punishment." *Gaffney,* 557 Pa. at 331, 733 A.2d at 618 (citation omitted).

■ ¶ 11 The *Artway/Verniero* test requires us first to look at whether the adverse effect on individuals results from a desire on the part of the legislature to punish past conduct or is a by-product of a bona fide legislative effort to remedy a perceived societal problem. If the Legislature intended the additional assessment to be "punishment," *i.e.,* retribution was one of its actual purposes, then it must fail constitutional scrutiny. If, on the other hand, the additional assessment results from a relevant incident to a regulation, the measure will pass this first prong. *Cf. De Veau v. Braisted,* 363 U.S. 144, 160, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960).

¶ 12 The Legislature imposed the additional assessment in order to fund county substance abuse programs and the newly created Substance Abuse Education and Demand Reduction Fund. Fifty percent of the funds collected remains in the county that the violation occurred to be used for substance abuse treatment or preven-

tion programs. *See* 18 Pa.C.S.A. § 7508.1(d). The remaining fifty percent collected is deposited into the Substance Abuse Education and Demand Reduction Fund. *See* 18 Pa.C.S.A. § 7508.1(d). We can conclude that the Legislative purpose of the additional assessment was not punishment.

¶ 13 Under the *Artway/Verniero* test, we must next consider whether the objective purpose of the additional assessment is punitive. The *Gaffney* Court set forth the following factors when considering this prong of the test:

> The "objective" prong of this test focuses on "whether analogous measures have traditionally been regarded in our society as punishment," and has three subparts: (A) "proportionality—whether the remedial purpose of [the measure] … can explain all the adverse effects on those involved," (B) whether the measure has been historically considered punishment, and (C) whether the measure serves both a remedial and a deterrent purpose. If question (C) is answered in the affirmative, then a measure will be considered punitive if: (a) the "deterrent purpose is an unnecessary complement to the measure's salutary operation," (b) "the measure is operating in an unusual manner inconsistent with its historically mixed purposes," or (c) "the deterrent purpose overwhelms the salutary purpose."

*Gaffney,* at 334, 733 A.2d at 619–20 (*quoting Commonwealth v. Gaffney,* 702 A.2d 565, 567 (Pa.Super.1997)).

¶ 14 Historically, courts have reviewed analogous monetary measures imposed at sentencing, *i.e.,* costs, fines, or restitution, under a direct or collateral consequence

---

**2.** In *Gaffney,* our Supreme Court adopted this test in accordance with the three-prong analysis set forth in *Artway v. Attorney General,* 81 F.3d 1235 (3d Cir.1996), and in *E.B. v. Verniero,* 119 F.3d 1077 (3d Cir.1998). *See Gaffney,* at 332, 733 A.2d at 619.

analysis to determine if the measure constitutes punishment.

¶ 15 A collateral consequence has been defined as "one that is not related to the length or nature of the sentence imposed on the basis of the plea." *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir. 1988). A sampling of collateral consequences for pleading guilty includes: sexual offender registration requirement, 42 Pa.C.S.A. §§ 9791–9799.7; loss of the right to vote, U.S. Const. Amend. XIV, § 2; loss of right to enlist in the armed services, 10 U.S.C.A. § 504; loss of right to own a firearm, 18 Pa.C.S.A. § 6105, or fishing license, 30 Pa.C.S.A. § 928; loss of right to inherit property, 20 Pa.C.S.A. §§ 8802–11, and loss of right to practice a particular profession, *e.g.*, 63 Pa.C.S.A. § 479.11(a)(funeral director) and 63 Pa. C.S.A. § 34.19(a)(8)(architect). *See Commonwealth v. Frometa*, 520 Pa. 552, 556 n. 1, 555 A.2d 92, 93 n. 1 (1989) (finding deportation is a collateral consequence of pleading guilty). Additionally, driver's license suspensions are collateral civil consequences rather than criminal penalties. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994).

¶ 16 In contrast, a direct consequence "is one that has a 'definite, immediate, and largely automatic' effect on the range of the defendant's punishment." *Parry v. Rosemeyer*, 64 F.3d 110, 114 (3d Cir.1995), *superseded by statute as stated in Dickerson v. Vaughn*, 90 F.3d 87 (3d Cir.1996). Indeed, the United States Court of Appeals for the Third Circuit has held that "the only consequences considered direct are the maximum prison term and fine for the offense charged." *Parry*, 64 F.3d at 114 (*quoting United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir.1991)).

■ ¶ 17 Often following a criminal conviction, the trial court places a monetary imposition on the defendant. The imposition of costs and restitution are not considered punishment. Both costs and restitution are designed to have the defendant make the government and the victim whole. Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss. *See Commonwealth v. Runion*, 541 Pa. 202, 205, 662 A.2d 617, 618 (1995). Costs are a reimbursement to the government for the expenses associated with the criminal prosecution. *See, e.g., United States v. Monsanto Co.*, 858 F.2d 160 (4th Cir.1988). Costs and restitution are akin to collateral consequences. Conversely, fines are considered direct consequences and, therefore, punishment. *See Parry*, 64 F.3d at 114 (*quoting Salmon*, 944 F.2d at 1130); *see also Commonwealth v. Martin*, 233 Pa.Super. 231, 335 A.2d 424 (1975) (requiring an indigent to pay a $5,000.00 fine was *per se* manifestly excessive and constituted too severe punishment). The Legislature authorized fines for all offenses and intended to relate the amount of the fine to the gravity of the offense. *See* 18 Pa. C.S.A. § 1101.

■ ¶ 18 We now must determine whether the additional assessment pursuant to 18 Pa.C.S.A. § 7508.1(c) is analogous to costs and restitution or to fines.

¶ 19 Section 7508.1(c), 18 Pa.C.S.A., states:

ADDITIONAL ASSESSMENT.—In addition to the assessment required by subsection (b), a person convicted of or adjudicated delinquent for a violation of 75 Pa.C.S. § 3731 shall be assessed $ 200 where the amount of alcohol by weight in the blood of the person is equal to or greater than 0.16% at the time a chemical test is performed on a sample of the person's breath, blood or

urine. For the purposes of this subsection, the sample of the person's blood, breath or urine shall be taken within two hours after the person is placed under arrest.

Subsection (b) states that barring undue hardship, the trial court shall automatically assess a mandatory cost of $100.00 on a person granted convicted of violating the Controlled Substance, Drug, Device and Cosmetic Act or of driving under the influence.

¶ 20 While the Legislature referred to the amount collected under § 7508.1 as "costs,"[3] the additional assessment pursuant to subsection (c) is not a reimbursement to the Commonwealth for the expenses associated with prosecuting a defendant. Additionally, the additional assessment is not a reimbursement. The county substance abuse programs and the Substance Abuse Education and Demand Reduction Fund, to whom the additional assessment funds are directed, are not "victims."

■ ¶ 21 The additional assessment is analogous to a fine. Historically, fines are punishment. A fine is a monetary amount equal to the severity of the crime and has been used to ensure that a person does not receive a pecuniary gain from the offense. See 18 Pa.C.S.A. § 1101 comment. Similar to a fine, the additional assessment has a "definite, immediate, and largely automatic" effect on the range of the defendant's punishment. The $200.00 additional assessment automatically applies if the defendant had a BAC level of 0.15% or higher.

■ ¶ 22 A fine serves as a remedial measure and as a deterrent. In the same manner, the additional assessment also serves as a remedial measure and a deterrent. The fact that the Legislature directed the disbursement of the funds collected does not change the punitive nature of the additional assessment. Accordingly, we find that this assessment, as a direct consequence, constitutes punishment.

¶ 23 We stress that the $200.00 additional assessment, while not a great monetary amount, increases the sentence of Wall and, thus, punishes him to a greater degree. The additional assessment applies automatically if a person is convicted of DUI-alcohol and has a BAC level greater than 0.15%.

¶ 24 Because Wall committed the act of DUI prior to the enactment of § 7508.1(c) and this section inflicts a greater punishment, such imposition of the additional assessment violated the *ex post facto* clause of the United States Constitution.[4] See *Commonwealth v. Garris*, 448 Pa.Super. 529, 672 A.2d 343 (1996) (trial court erred in imposing fine exceeding statutory amount that was in effect when crimes occurred even though fine did not exceed statutory amount increased by amendment in effect at sentence); *see also Commonwealth v. Dessus*, 214 Pa.Super. 347, 257 A.2d 867 (1969). Accordingly, we reverse the imposition of the additional assessment pursuant to § 7508.1(c). All remaining aspects of Wall's judgment of sentence remain unchanged.

¶ 25 Judgment of sentence affirmed in part and reversed in part. Jurisdiction relinquished.

¶ 26 TAMILIA, J. files a Dissenting Opinion.

---

3. *See* 18 Pa.C.S.A. § 7508.1(d).

4. Regarding Wall's state constitutional claim, he reiterates the assertions he made regarding his federal constitutional claim. As reasons discussed above, the imposition of the additional assessment also violates the Pennsylvania Constitution's prohibition against *ex post facto* laws pursuant to Article 1, Section 17.

## DISSENTING OPINION BY TAMILIA, J.:

¶ 1 I respectfully dissent from the majority's decision to vacate that portion of appellant's judgment of sentence imposing mandatory costs of $200.00 pursuant to 18 Pa.C.S.A. § 7508.1, **Substance Abuse Education and Demand Reduction Fund, (c) Additional assessment.**

¶ 2 As indicated by the majority, appellant now argues the trial court could not legally impose $200 in mandatory costs pursuant to 18 Pa.C.S.A. § 7508.1 for a DUI offense that occurred before its enactment. Appellant's brief at 7. Appellant challenges the imposition of such costs by asserting that they violate the prohibition against *ex post facto* laws contained in both the United States and Pennsylvania Constitutions. *Id.*

¶ 3 Article 1, § 10 of the United States Constitution states "No State shall...pass any...ex post facto law." Likewise, Article 1, § 17 of the Pennsylvania Constitution states "No *ex post facto* law...shall be passed." "A state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and inflicts a greater *punishment* than the law annexed to the crime, when committed." *Coady v. Vaughn,* 564 Pa. 604, 607, 770 A.2d 287, 289 n. 2 (2001), *citing California Dept. of Corrections v. Morales,* 514 U.S. 499, 504–06, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (emphasis added; internal quotations omitted). In this case, the trial court imposed the mandatory costs pursuant to § 7508.1(c) because appellant's blood alcohol content at the *time of arrest* was greater than 0.15%. In pertinent part, that statute provides:

(c) **Additional assessment.**—In addition to the assessment required by subsection (b), a person convicted of or adjudicated delinquent for a violation of 75 Pa.C.S. § 3802 [formerly § 3731] shall be assessed $200 where the amount of alcohol by weight in the blood of the person is equal to or greater than 0.16% at the time a chemical test is performed on a sample of the person's breath, blood or urine. For the purposes of this subsection, the sample of the person's blood, breath or urine shall be taken within two hours after the person is placed under arrest.

18 Pa.C.S.A. § 7508.1(c).

¶ 4 It is acknowledged that the offense for which appellant was convicted occurred on July 12, 2002, almost five months prior to the enactment of § 7508.1(c). It is further undisputed that appellant's guilty plea and sentencing occurred well after the statute went into effect. Absent statutory language to the contrary, I believe the date of sentencing is controlling.

¶ 5 This Court addressed an analogous situation in *Commonwealth v. Fleming,* 801 A.2d 1234 (Pa.Super.2001), when we were asked to determine whether a defendant was subject to the registration requirements of Megan's Law II, rather than the ten-year registration requirement under the original Megan's Law, even though the acts underlying his conviction occurred prior to the effective date of Megan's Law II. Noting the defendant pled guilty and was sentenced after Megan's Law II went into effect, we held that the application of Megan's Law II did not constitute a violation of *ex post facto* laws since its purpose was not to punish. *Id.* at 1237–1238. Likewise, I do not believe the $200 fine in this case constitutes punishment, and would not find a violation of the constitutional prohibition against *ex post facto* law in this instance.

¶ 6 Moreover, I agree with the trial court that the imposition of mandatory costs under § 7508.1(c) was not punitive in

nature but was rather aimed at remedying the problem associated with substance abuse. Although "retribution and deterrence are not legitimate non-punitive governmental objectives," where a sanction can be characterized to serve a remedial purpose, it does not constitute punishment within the meaning of the ex post facto clause. *Commonwealth v. Kline*, 695 A.2d 872, 875 (Pa.Super.1997) (citations omitted). I reiterate the well-reasoned Opinion of the trial court.

Under 18 Pa.C.S.A. § 7508.1, half of the costs collected pursuant to this statute are to be deposited into the Substance Abuse Education and Demand Reduction Fund and the remaining half of the costs are to be kept by the county to be used for substance abuse treatment and prevention programs. The monies contributed to the Substance Abuse Education and Demand Reduction Fund are used to support various programs throughout the Commonwealth for the education, prevention, and treatment of substance abuse.

Like restitution statutes, one clear purpose of this statute is punishment. The defendant is required to pay $200, which is a legal detriment to the defendant. We believe, however, that the primary intent of the legislature in enacting this statute is not to impose punishment. Certainly, the DUI laws provide the court with substantial means to punish the defendant through jail time and fines. Hence, we question why the legislature would add this section if the primary purpose of it was to punish. Rather, the primary intent is to fund programs to prevent and treat substance abuse, not punish.

Trial Court Opinion at 3–4.

¶ 7 I find no error in the trial court's imposition of mandatory costs under 18

Pa.C.S.A. § 7508.1(c) and would affirm the judgment of sentence.