**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE IMANI HARRIS | : | |
| | : | |
| Appellant | : | No. 939 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 9, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000758-2018

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 01, 2019**

Stephanie Imani Harris appeals from the May 9, 2018 judgment of sentence of twelve months of probation, restitution, and a fine of $150, which was imposed after she pled no contest to simple assault, a second-degree misdemeanor.  Counsel, Kevin Taccino, Esquire, has filed a petition for leave to withdraw with this Court, and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  After review, we grant counsel's petition to withdraw, and affirm.

Appellant was charged with one count each of simple assault and harassment stemming from an incident in Chambersburg, Franklin County, on March 18, 2018.  According to the criminal complaint and affidavit of probable cause, Appellant and two other females approached the victim's vehicle in a parking lot, began yelling at her, and ordered her to exit the vehicle.  They managed to enter the vehicle where they struck the victim with pliers, pulled

her hair, struck her in the face and back of the head, and threw bleach on her. The victim was treated at Chambersburg Hospital for multiple scratches on her face, a laceration on her ear, and complaints of severe head pain.

On May 9, 2018, Appellant pled no contest to simple assault.[1] After she was placed under oath, she was shown her written plea colloquy. Appellant identified her initials on the bottom right hand corner of each page. She demonstrated her knowledge of the charges pending, the elements of the offenses, and the maximum penalties for each offense. N.T. Guilty Plea, 5/9/18, at 3. Appellant verified her understanding that in exchange for her *nolo contendere* plea to simple assault, the remaining harassment charge would be dismissed, and the Commonwealth would agree to twelve months of probation and restitution.[2] *Id*. Appellant attested that it was her signature on the colloquy acknowledging that she was giving up her constitutional right to a jury trial, and confirmed that she had discussed this with her attorney. *Id*. at 4.

The trial court further questioned Appellant regarding her understanding of her right to a jury trial, the nature of the offenses charged, and the evidence that would be presented at a trial. *Id*. at 4-5. Appellant confirmed that she

---

[1] For purposes of withdrawal of a plea, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v*. *Miller*, 748 A.2d 733, 735 (Pa.Super. 2000).

[2] Restitution consisted of $100 to the victim and over $7,000 to Chambersburg Hospital.

had discussed the plea with counsel. Finally, the court asked Appellant to explain what had occurred on March 18, 2018, that made her guilty of simple assault. Appellant advised the court that there was a confrontation between the victim and Appellant's friend. Appellant knocked on the victim's car window and asked her to get out of the car. The victim and Appellant's friend ended up in an altercation, she tried to break it up, and she admitted pulling the victim's hair in attempting to do so. The court accepted the plea of no contest, and defense counsel assured the court that he had discussed Appellant's post-sentence and appellate rights with her. *Id*. at 6. The court sentenced Appellant as aforesaid.

On May 24, 2018, Appellant filed a motion seeking permission to file a post-sentence motion *nunc pro tunc* and a post-sentence motion to withdraw her plea. She claimed that it would be a manifest injustice not to permit her to withdraw her plea as she did not understand the consequences of her plea, *i.e.*, that it could cost her employment opportunities. In the motion, counsel represented that his client contacted him one day after the deadline for filing post-sentence motions, and informed him that an employment offer had been rescinded due to a background check. Counsel pled that an extraordinary circumstance, namely the timing of notice of the lost employment opportunity, excused the tardiness. In the alternative, Appellant requested that she be allowed to withdraw her plea. The court took the motion under advisement and directed the Commonwealth to file a response within fourteen days. The Commonwealth objected to the *nunc pro tunc* relief sought.

On June 8, 2018, Appellant filed the within appeal from the May 9, 2018 order. On June 11, 2018, the trial court denied Appellant's motion seeking *nunc pro tunc* relief, based on its untimeliness and lack of merit. In response to the court's order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, counsel filed a statement of intention to file an ***Anders***/***McClendon*** brief.

Counsel thereafter filed an ***Anders***/***McClendon*** brief on Appellant's behalf, together with a petition for leave to withdraw as counsel of record on September 17, 2018.[3] Appended to the petition was a copy of the cover letter counsel sent to Appellant with copies of the ***Anders*** brief and counsel's petition to withdraw. Counsel advised Appellant therein that she had the right to hire new private counsel to represent her, or alternatively, she could pursue the appeal on her own. Counsel also informed her that she could raise additional points that she felt were worthy of this Court's attention in a brief filed within fourteen days of the date of the letter. Appellant did not file any response.

The ***Anders*** brief identifies one issue of arguable merit: "Was [Appellant's] plea knowing[ly], intelligently[,] and voluntarily made?" ***Anders***/***McClendon*** brief at 7.

Before we address the merits of this appeal, we must first determine whether counsel has complied with the procedures provided in ***Anders*** and

_____

[3] The Commonwealth informed this Court that it did not intend to file a brief.

its progeny. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition stating that he has made a conscientious examination of the record and determined that an appeal would be frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa.Super. 2004). Counsel must also provide a copy of the ***Anders*** brief to the appellant and inform him of the right to proceed *pro se*. ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) (holding counsel must inform client via letter of right to proceed once counsel moves to withdraw and attach copy to petition).

In addition, the ***Anders*** brief must meet the following substantive requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Counsel's petition and brief, both of which were provided to Appellant, state that he made a conscientious examination of the record and determined that an appeal would be frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa.Super. 2004). Since Counsel also informed Appellant of her right to retain private counsel or proceed *pro se*, he has complied with the procedural requirements of ***Anders***.

The brief contains the requisite procedural and factual summary with citations to the record. Counsel referred to portions of the record that could arguably support the appeal, but concluded that the appeal was frivolous because the court was not required to inform Appellant of civil consequences that could flow from the entry of the plea in order to ensure the plea was knowing, voluntary, and intelligent. Counsel directed this Court's attention to relevant case law and rules governing the required content of guilty plea colloquies. *See Anders* brief at 10 (citing *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002); Pa.R.Crim.P. 590). He also articulated our standard of review when evaluating the adequacy of the plea colloquy and the voluntariness of the plea. *Id*. (citing *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003) and *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa.Super. 2002)). We find that counsel's *Anders* brief significantly complied with the substantive requirement of *Santiago*.

After conducting a full examination of the proceedings as required under *Anders*, we do not see any non-frivolous issues to be raised on appeal.[4] *See Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*). Where a defendant seeks to withdraw a *nolo contendere* or guilty plea after sentencing, he must show that it is necessary to correct a manifest

---

[4] Appellant skips over the preliminary issue herein: whether the trial court abused its discretion in denying the *nunc pro tunc* relief requested. Only if that question was answered in the affirmative would we reach the issue of manifest injustice.

injustice. **See Commonwealth v. Starr**, 301 A.2d 592, 595 (Pa. 1973). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." **Commonwealth v. Gunter**, 771 A.2d 767, 771 (Pa. 2001).

It is settled law that failure to inform a defendant of the collateral civil consequences of a guilty plea does not invalidate that guilty plea. **Commonwealth v. Englert**, 457 A.2d 121 (Pa.Super. 1983). In **Commonwealth v. Wall**, 867 A.2d 578, 582 (Pa.Super. 2005), this Court favorably cited **United States v. Romero-Vilca**, 850 F.2d 177, 179 (3d Cir. 1988), for the definition of a collateral consequence: a collateral consequence is "one that is not related to the length or nature of the sentence imposed on the basis of the plea." **Wall**, **supra** at 582. In **Wall**, we cited numerous examples of collateral consequences. **See e.g.**, **Commonwealth v. Duffey**, 639 A.2d 1174 (Pa. 1994) (suspension of drivers' licenses); 42 Pa.C.S. §§ 9791-9799.7 (the requirement that sexual offenders register); U.S. Const. Amend. XIV, § 2 (the loss of the right to vote); 10 U.S.C. § 504 (the loss of right to enlist in the armed services); 18 Pa.C.S. § 6105 (the loss of right to own a firearm); and loss of right to practice a particular profession, 63 Pa.C.S. § 479.11(a) (funeral director) and 63 Pa.C.S. § 34.19(a)(8) (architect). Herein, since the adverse effect on employment did not stem from the application of a law or government regulation, it did not even rise to the level of a collateral civil consequence.

The plea colloquy was adequate and the totality of the circumstances surrounding entry of the plea indicate that it was voluntary. **Commonwealth v. Muhammad**, 794 A.2d 378 (Pa.Super. 2002). Since our review did not disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence. **Dempster**, **supra**.

Petition of Kevin Taccino, Esquire, for leave to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/01/2019