J-S60033-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ASHTON ALBRIGHT | : | |
| | : | |
| Appellant | : | No. 517 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 19, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006269-2017

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORADUM BY PELLEGRINI, J.:                **FILED SEPTEMBER 23, 2020**

James Ashton Albright (Albright) appeals from the judgment of sentence imposed in the Court of Common Pleas of York County (trial court) after a jury convicted him of one count each of Rape of a Child, 18 Pa.C.S. § 3121(c), and related offenses.[1] Specifically, he challenges the *ex post facto* application of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The related offenses were: Involuntary Deviate Sexual Intercourse (IDSI)—Person Less Than 16 Years of Age, 18 Pa.C.S. §§ 3123(a)(7); Unlawful Contact with a Minor, 18 Pa.C.S. § 6318(a)(1); Sexual Assault, 18 Pa.C.S. § 3124.1; Statutory Sexual Assault—Person 11 Years or Older, 18 Pa.C.S. § 3122.1(b); Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(ii); 3122.1(b), Indecent Assault—Person Less than 16 Years of Age, 18 Pa.C.S. § 3126(a)(8); IDSI with a Child, 18 Pa.C.S. § 3123(b); and Aggravated Indecent Assault—Complainant Less Than 13 Years Old, 18 Pa.C.S. § 3125(a)(7).

Sexual Offenders Registration and Notification Act (SORNA) II's[2] registration requirements to him, as well as the constitutionality of his Sexually Violent Predator (SVP) designation. We affirm.

**I.**

We take the following factual background and procedural history from the trial court's August 30, 2019 opinion and our independent review of the certified record. On August 27, 2017, the Commonwealth filed the above charges against Albright for the sexual assault and rape of his stepdaughter from 2008 through July 2017. The incidents began when the victim was approximately nine years old and ended when she reached the age of eighteen.

On November 8, 2018, at the conclusion of Albright's trial, the jury convicted him of the charges and the trial court ordered the completion of a Pre-Sentence Investigation (PSI) and an assessment by the Sexual Offenders Assessment Board (SOAB). On February 19, 2019, at the sentencing hearing, Dr. Robert Stein, a licensed psychologist and member of the SOAB, testified about his assessment of Albright and the resulting report, and its conclusion that Albright met the criteria to be classified as an SVP. (**See** Sentencing Hearing, 2/19/19, at 5-14). After consideration of Dr. Stein's testimony and his SOAB report, the trial court found that Albright met the criteria to be

---

[2] 42 Pa.C.S. §§ 9799.10-9799.75.

classified as an SVP and notified him that he was required to register pursuant to statute. (*See id.* at 15, 20-24). The court sentenced the 58-year-old Albright to an aggregate term of not less than 78 nor more than 156 years' incarceration. (*See* Sentence Order, 2/19/19, at 1-2) (Imposing periods of incarceration and identifying Albright as an SVP). Albright timely appealed. Both he and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

On appeal, Albright contends that:

• Based on the conduct occurring before December 20, 2012 when SORNA I was effective, he may be required to register as a sex offender under Subchapter H of Chapter 97 of the Judicial Code. See 42 Pa.C.S. §§9799.11(c), 9799.14(c)(1.3).

• The sex offender registration scheme of Subchapter I is no less punitive than the scheme it replaced under SORNA and found unconstitutional by the Pennsylvania Supreme Court in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Appellant's sentence is therefore illegal.

• The trial court erred by finding Appellant to be a[n SVP] as the statutory scheme under which the SVP designation is rendered is unconstitutional pursuant to *Commonwealth v. Butler*, 17[3] A.3d 1212, 1213 (Pa. Super 2017)[, *appeal granted*, 190 A.3d 581 (Pa. 2018)]. Act 10/Act 29 did not address the "clear and convincing" standard by which courts render the SVP determination under SORNA and found unconstitutional under *Butler*, and thus they also remain.[3]

_____

[3] Lawfully enacted statutes are presumptively constitutional. *See Commonwealth v. Lee*, 935 A.2d 865, 876 (Pa. 2007). Constitutional challenges present pure questions of law, for which our standard of review is *de novo* and the scope of review is plenary. *See Commonwealth v. Moore*, 222 A.3d 16, 18 (Pa. Super. 2019); *Commonwealth v. Dixon*, 907 A.2d 468, 472 (Pa. 2006).

To address Albright's arguments, it is necessary briefly to address the sex offender registration statutes in Pennsylvania, as well as our Supreme Court's decision in *Muniz* and its recent decision in *Commonwealth v. Lacombe*, _____ A.3d _____, 2020 WL 4150283 (Pa. filed July 21, 2020).

**II.**

**A.**

SORNA I[4] was enacted on December 20, 2011, and became effective on December 20, 2012, with the goal of strengthening the Commonwealth's laws regarding registration of sexual offenders and bringing Pennsylvania into compliance with the federal Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945. Section 9799.11(a)(1), (2) of SORNA I, 42 Pa.C.S. § 9799.11(a)(1), (2) (repealed). It was the fourth enactment by the General Assembly of the law commonly referred to as Megan's Law.

Offenders who failed to register, verify their information at the appropriate time or provide accurate information were subject to prosecution and incarceration under 18 Pa.C.S. § 4915.1 (failure to comply with registration requirements). *See* 42 Pa.C.S. § 9799.21(a) (repealed).

In *Muniz*, after applying the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S.Ct. 554 (1963), our Supreme Court held that

---

[4] 42 Pa.C.S. §§ 9799.10-9799.42.

the provisions of SORNA I were punitive and that their retroactive application violates the *ex post facto* clause of the Pennsylvania Constitution. **See** U.S. Const., Art. 1, § 10; Pa. Const., Art. 1, § 17.[5]

**B.**

In response to **Muniz**, the General Assembly enacted Act 10 of 2018 (SORNA II). It creates a two-track system, one contained at Subchapter H that relates to offenses committed after December 20, 2012, and Subchapter I that relates to those who are convicted of an enumerated offense which was committed between April 22, 1996, and December 20, 2012. Subchapter I was designed to ensure that those required to register under prior registration laws will still have to do so.

As to sexually violent predator[6] (SVP) designation, SORNA II provides, as is relevant to this case, that the trial court determines whether the

_____

[5] "A state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and inflicts a greater punishment than the law annexed to the crime, when committed." **Commonwealth v. Wall**, 867 A.2d 578, 580 (Pa. Super. 2005) (citation and internal quotation marks omitted). Hence, only if a statute constitutes punishment can it violate the *ex post facto* clause. **See Muniz**, **supra** at 1208.

[6] "Sexually violent predator" is defined as "a person who has been convicted of a sexually violent offense and who is determined to be a sexually violent predator under section 9799.58 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses or who has ever been determined by a court to have a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses under a former

Commonwealth has proved by clear and convincing evidence that an individual convicted of a sexual violent offense is an SVP. **See** 42 Pa.C.S. § 9799.24(e)(3).

**C.**

On July 21, 2020, while Albright's appeal was pending in this Court, our Supreme Court decided **Lacombe**[7] where it addressed whether, despite the significant differences between Subchapter I and the original SORNA statute, Subchapter I remains punitive and its retroactive application unconstitutional under an *ex post facto* analysis.

**Lacombe** applied the two-part analysis set forth by **Muniz** to determine whether the retroactive application of Subchapter I constitutes criminal punishment, thus violating the *ex post facto* clause. The Court first observed the General Assembly's clear intent as stated in the statute was that Subchapter I shall not be construed as punitive. **See Lacombe**, **supra** at

_____

sexual offender registration law of this Commonwealth. The term includes an individual determined to be a sexually violent predator where the determination occurred in the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico, a foreign nation or by court martial." 42 Pa.C.S. § 9799.53.

[7] **Lacombe** involved two defendants, Lacombe and Witmayer. Lacombe was convicted of several sex crimes in 1997. Witmayer was convicted in 2014 of sex crimes committed between January 2006 and December 2012. Both men were subject to the retroactive application of Section I of SORNA II and, after the defendants filed motions, the trial court found that Subchapter I of SORNA II was punitive in effect and its application was a violation of the *ex post facto* clause. The Commonwealth appealed.

*12. It then weighed the **Mendoza-Martinez** factors to determine if Subchapter I was punitive in effect, concluding that:

> Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in **Muniz**. To summarize, we find three of the five factors weigh in favor of finding Subchapter I nonpunitive. Additionally, we give little weight to the fact Subchapter I promotes the traditional aims of punishment and give significant weight to the fact Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public. As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]"

**Id.** at *18 (citations omitted). Hence, **Lacombe** "[held] Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by appellees necessarily fail." **Id**.

**III.**

In this appeal, Albright raises two issues premised on an assumption that SORNA II is punitive in effect. First, he maintains that because Subchapters H and I of SORNA II remain punitive in effect, the retroactive application of SORNA II's registration requirement is an unconstitutional violation of the *ex post facto* clause.[8] Next, he posits that the mechanism for

_____

[8] "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." **Commonwealth v. Mauk**, 185 A.3d 406, 410 (Pa. Super. 2018) (citation omitted). The trial court and the Commonwealth maintain that Albright's SORNA II issues are moot. Specifically, they argue that because Albright would be 136 years old when he reaches his minimum sentence of 78 years, the registration provisions of the act will never be triggered. (**See** Trial Court Opinion,

- 7 -

declaring him an SVP is unconstitutional because it only requires a finding by clear and convincing evidence. Albright is due no relief.

**A.**

Albright's argument as to Subchapter H is moot. He committed the subject crimes continuously from 2008 through 2017, thus straddling the effective dates of Subchapters H and I. The jury did not make a specific finding as to when the offenses occurred. Therefore, Albright is only subject to the lower registration requirements of Subchapter I and Subchapter H is irrelevant. *See Commonwealth v. Alston*, 212 A.3d 526, 529 (Pa. Super. 2019) ("[W]here [a]ppellant's offenses straddle the operative dates for Subchapters H and I[,]" he is entitled to the lower punishment found in Subsection I if there is not a "specific finding by the chosen factfinder of when the offenses occurred.").

**B.**

Turning to Subchapter I, as previously noted, because the recent case of *Lacombe* held that Subsection I is not punitive, its retroactive application

_____

8/30/19, at 11-12; Commonwealth's Brief, at 15-19). Albright counters that he currently is subject to the registration requirement and, therefore, his SORNA II claims are not moot. (*See* Albright's Brief, at 17-24).

Pursuant to Section 9799.19(l)(1) of SORNA II, Albright was required to register immediately upon sentencing. (*See* Trial Ct. Op., at 12); 42 Pa.C.S. § 9799.19(l)(1). Accordingly, because he already is subject to registration, Albright's challenge to the registration requirements of SORNA II are not moot.

does not violate the *ex post facto* clause. Because this is dispositive of the retroactivity issue, we necessarily conclude that Albright's claim that the application of Section I to him unconstitutionally violated the *ex post facto* clause lacks merit.

**C.**

Next, we address Albright's argument that the trial court erred in finding him to be an SVP. (**See** Albright's Brief, at 57-65). Specifically, he maintains that **Butler**, **supra**, concluded that the "clear and convincing" standard under which courts render the SVP determination is unconstitutional requiring that his SVP classification must be vacated. (**See id.**).

In **Butler**, we considered, in relevant part, that an appellant's claim that the SVP designation provided in SORNA I was unconstitutional, thus rendering his sentence illegal. **See Butler**, **supra** at 1214. Dispositive to its analysis was the **Muniz** "Court's holding that registration requirements under SORNA constitute a form of criminal punishment" and the Court considered the impact of **Muniz** on the legality of "the process by which Appellant was designated an SVP." **Id.** at 1214, 1217.

Because we found that **Muniz** declared that SORNA I's registration requirements were punitive, the act's mechanism by which a court made an SVP determination by clear and convincing evidence was unconstitutional

pursuant to ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. United States***, 570 U.S. 99 (2013).[9]  ***See Butler***, ***supra*** at 1218.

However, on appeal from our decision in ***Butler***, our Supreme Court reversed, finding that the SVP designation of SORNA I was neither punishment nor unconstitutional.  ***See Commonwealth v. Butler***, 226 A.3d 972 (Pa. 2020) (***Butler II***).  The ***Butler II*** Court concluded, under the two-part analysis applied in ***Muniz***, the Legislative intent or purpose with regard to an offender determined to be a SVP was not to punish them, and, applying the ***Mendoza-Martinez*** factors, the punitive factors did not outweigh the non-punitive ones under SORNA.  Because our Supreme Court in ***Butler II*** held that the trial court did not err in designating Butler an SVP under SORNA where an SVP adjudication is not criminal punishment, as well as ***Lacombe's***

_____

[9] In ***Apprendi***, the United States Supreme Court held:  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  ***Apprendi***, ***supra*** at 489.  Further, in ***Alleyne***, the United States Supreme Court expanded "***Apprendi's*** basic jury-determination rule to mandatory minimum sentences."  ***Alleyne***, ***supra*** at 2167 (Breyer, J., concurring).  Specifically, the ***Alleyne*** Court held that where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime.  [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt."  ***Id.*** at 2162-63.

holding that Subsection I's registration requirements are not punitive but civil in nature, his designation passes muster under both *Apprendi* and *Alleyne*.[10]

Accordingly, Albright's claim that the mechanism for determining SVP status violated his constitutional rights fails. We affirm the judgment of sentence requiring Albright to comply with the registration requirements of Subsection I and declaring him an SVP.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/23/2020

_____

[10] Although both *Butler I* and *Butler II* considered SORNA I, the relevant language in both SORNA I and II is identical. Like SORNA I, pursuant to SORNA II, after receiving an SOAB report, the trial court schedules an SVP hearing. *See* 42 Pa.C.S. § 9799.58; *see also* 42 Pa.C.S. § 9799.24(e)(1). "At the hearing prior to sentencing, **the court shall determine** whether the Commonwealth has proved by **clear and convincing evidence** that the individual is a sexually violent predator." 42 Pa.C.S. § 9799.58(e)(3) (emphasis added); 42 Pa.C.S. § 9799.24(e)(3) (emphasis added).