**Commonwealth v. Pasdon**

*Vram Nedurian Jr.,* for Commonwealth.
*Timothy P. Walsh,* for defendant.

JENKINS, *J.,* November 29, 2007—Robert Pasdon contends in this direct appeal that the portion of his sentence requiring lifetime registration under Megan's Law, 42 Pa.C.S. §9795.1, is illegal. The court concludes that Pasdon has waived all three of his arguments, and that in any event, they are facially devoid of merit. Therefore, his judgment of sentence should be affirmed.

On April 30, 2007, Pasdon pled guilty to one count of luring a child into a motor vehicle (18 Pa.C.S. §2910) and one count of corrupting the morals of minors (18 Pa.C.S. §6301). On August 20, 2007, the court sentenced him to an aggregate of 23 months intermediate punishment, the first six months being on electronic monitoring and the balance served under probationary supervision, followed by a three-year term of probation.

Pasdon has a 1991 conviction for luring that subjects him to Megan's Law's lifetime registration requirements under 42 Pa.C.S. §9795.1. N.T., 8/20/07, p. 13. (Court's comment that "it's disturbing that looking back at his record, it dates back to 1991, actually to 1971, offenses of the same nature.") During the sentencing hearing. Pasdon signed notification forms advising him of his duties under Megan's Law. Counsel for Pasdon stated: "[A]s a result of this incident . . . [Pasdon's] going to have a lifelong registration with Megan's Law." N.T., 8/20/07, p. 9. Counsel did not raise any challenges to

Pasdon's lifetime registration requirement during the sentencing hearing. Nor did counsel file any post-sentence motions challenging the registration requirement.

On September 18, 2007, Pasdon, through new counsel, filed a notice of appeal to the Superior Court. On September 20, 2007, the Court ordered Pasdon to file a concise statement of matters complained of on appeal within the next 21 days. After Pasdon's attorney requested an extension of time within which to file the concise statement, the court granted Pasdon until October 31, 2007 to file the concise statement.

On October 31, 2007, Pasdon filed a concise statement which purported to raise three challenges to his lifetime registration requirement under Megan's Law. Specifically, Pasdon stated:

"The portion of appellant's sentence which requires lifetime registration pursuant to 42 Pa.C.S. §9795.1 is illegal in that:

"(A) Appellant's prior conviction under 18 Pa.C.S. §2910 predated the enactment of Megan's Law and the lifetime registration requirement, thus it should not be considered a prior conviction for the purposes of the lifetime registration requirement;

"(B) At the time of appellant's prior conviction under 18 Pa.C.S. §2910, the offense was defined differently than the current version of 18 Pa.C.S. §2910 and should likewise not qualify as a prior conviction for this reason;

"(C) The imposition of a lifetime registration requirement and all that is entailed by this aspect of appellant's

sentence, based on the age of the prior conviction and factual circumstances of appellant's current conviction, constitutes cruel and unusual punishment in violation of Article I, Section 13 of the Pennsylvania Constitution and the Eighth Amendment of the United States Constitution."

Pasdon's prior attorney failed to raise any of these issues at sentencing or in post-sentence motions. To the contrary, at sentencing, Pasdon's prior attorney stated without qualification that Pasdon was subject to Megan's Law's lifetime registration requirements. Accordingly, all three issues have been waived. *Commonwealth v. Howe,* 842 A.2d 436, 441 (Pa. Super. 2004) (citing, inter alia, *Commonwealth v. Grekis,* 411 Pa. Super. 513, 601 A.2d 1284 (1992)).

Even if Pasdon preserved these issues for direct appeal, they have no substance. Megan's Law's registration requirements, which came into effect in 2000, provide that an individual with two or more convictions of any type under 42 Pa.C.S. §9795.1(a) is subject to lifetime registration. See 42 Pa.C.S. §9795.1(b). In his first argument, Pasdon contends that since his 1991 luring conviction predates the registration requirements, it cannot count as a conviction under section 9795.1(a) or (b). In effect, Pasdon argues that use of his 1991 luring conviction under section 9795.1 violates his constitutional right against ex post facto forms of punishment. The court disagrees.

"[T]he existence of some punitive element is a prerequisite to any determination that a law is ex post facto." *Commonwealth v. Benner,* 853 A.2d 1068, 1071 (Pa. Super. 2004). Pennsylvania courts have repeatedly held,

however, that Megan's Law's registration requirements are not punitive and therefore do not implicate the ex post facto clauses of the federal and state constitutions. *Commonwealth v. Williams,* 574 Pa. 487, 524, 832 A.2d 962, 984 (2003); *Benner, supra,* 853 A.2d at 1071; *Commonwealth v. Fleming,* 801 A.2d 1234, 1238 (Pa. Super. 2002) (citing *Commonwealth v. Gaffney,* 557 Pa. 327, 328, 733 A.2d 616, 617 (1999)) ("there is no violation of any ex post facto provision in requiring registration when the acts underlying an individual's conviction occurred prior to the effective date of the registration requirements").[1]

In his second argument, Pasdon insists that since the language of the luring statute changed between his first luring conviction in 1991 and his present luring conviction, the first conviction cannot count against him under section 9795.1. This appears to be another ex post facto challenge which, of course, fails for the reasons given above.

Even if Pasdon intended to raise a matter of statutory construction instead of a constitutional issue, this argument still fails. Under the plain language of section 9795.1 convictions under both the former and present version of the luring statute count for purposes of the registration requirements. The legislature did not see fit to distinguish between the past and present luring statutes for purposes of the registration requirements, and neither does this court.

---

1. See also, *Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (Alaska's version of Megan's Law, which closely resembles Pennsylvania's version, does not violate ex post facto clause of federal constitution).

In his final argument, Pasdon attacks the registration requirement as violating the constitutional guarantees against cruel and unusual punishment in the Pennsylvania and federal constitutions. Once again, Pasdon's argument evaporates in the face of decisions that the registration requirement does not constitute punishment. *Howe, supra,* 842 A.2d at 446 (Megan's Law's registration requirements do not constitute cruel and unusual punishment, because it is "err[or to] equat[e] the registration, notification, and counseling requirements of [Megan's Law] as punishment").

For all of the foregoing reasons, the court recommends that Pasdon's judgment of sentence be affirmed, and that the appellate courts reject his challenges to Megan's Law's registration requirements.