J-S34033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN C. PEOPLES | |
| Appellant | No. 1774 WDA 2013 |

Appeal from the Order October 21, 2013
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000316-2006

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 19, 2014**

Appellant, John C. Peoples, appeals from the order entered in the Blair County Court of Common Pleas, denying his request to terminate new registration requirements imposed by the Sexual Offender Registration and Notification Act ("SORNA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On April 19, 2006, the Commonwealth charged Appellant with seventy (70) counts of possession of child pornography.[2] Appellant entered a negotiated guilty plea to one of the counts, and the court sentenced him to seven (7) years' probation on July 7, 2006. Under Megan's Law, Appellant was

_____

[1] 42 Pa.C.S.A. §§ 9799.10-9799.41.

[2] 18 Pa.C.S.A. § 6312(d).

required to register with the Pennsylvania State Police ("PSP") as a convicted sexual offender for a period of ten (10) years.[3] On February 3, 2009, the court issued an order granting early termination of Appellant's probation.

Appellant filed a "Petition to Terminate Megan's Law Reporting Requirement" on January 16, 2013, alleging that by letter dated December 3, 2012, the PSP advised Appellant that SORNA extended his registration period to fifteen (15) years.[4] Following a hearing, the court denied Appellant's petition on October 21, 2013. Appellant filed a timely notice of appeal on November 4, 2013. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises a single issue for our review:

> WHETHER OR NOT THE COURT ERRED BY DENYING...APPELLANT'S [PETITION] TO TERMINATE MEGAN'S LAW REQUIREMENT AS "SORNA" IS UNCONSTITUTIONAL IN THAT IT IS AN *EX POST FACTO*

_____

[3] At the time of Appellant's plea, the registration of defendants convicted of sex offenses was governed by Megan's Law, 42 Pa.C.S.A. §§ 9791-9799.9. Under Section 9795.1, an individual convicted pursuant to 18 Pa.C.S.A. § 6312(d) was subject to a ten-year registration requirement.

[4] SORNA became effective on December 20, 2012, replacing Megan's Law as the statute governing the registration and supervision of sexual offenders. By its terms, SORNA applies to all individuals who were required to register under Megan's Law and who had not fulfilled the required period of registration as of December 20, 2012. *See* 42 Pa.C.S.A. § 9799.13(3)(i). SORNA designates a conviction for possession of child pornography as a "Tier I" sexual offense, which carries a fifteen-year registration period. *See* 42 Pa.C.S.A. § 9799.14(b)(9), 9799.15(a)(1).

LAW ADDING ADDITIONAL PENALTIES WITHOUT [A] HEARING?

(Appellant's Brief at 5).

Appellant argues he was notified in 2006 that he was subject to a ten-year period of registration as a sexual offender under the Megan's Law statute in effect at that time. Appellant asserts SORNA is punitive in nature. He claims the retroactive application of the increase of the registration requirement from ten to fifteen years under SORNA for his conviction violates the prohibitions against *ex post facto* laws in the United States and Pennsylvania Constitutions. Appellant concludes the court erred by denying his petition to terminate the new registration requirements and failing to rule that the application of SORNA to his conviction is unconstitutional.[5] We disagree.[6]

_____

[5] Just to be clear, Appellant pled guilty to one count of child pornography, which carried a registration requirement of ten years. Nothing in the certified record indicates that the duration of the registration requirement was a negotiated term of Appellant's plea agreement. Further, Appellant does not argue that the increased registration period violated any term of the plea agreement.

[6] Preliminarily, the Commonwealth asserts the trial court lacked jurisdiction over Appellant's petition to terminate his registration obligations under SORNA. This Court recently noted that "our case law has yet to adopt a settled procedure for challenging the retroactive application of a Megan's Law's registration requirement." **Commonwealth v. Bundy**, ___ A.3d ___, ___, 2014 PA Super 144, **\*3** (filed July 10, 2014). Nevertheless, "this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement." **Id.** at **\*4**. **See also Commonwealth v. Sampolski**, 89 A.3d 1287 (Pa.Super. 2014) (affirming trial court's order
*(Footnote Continued Next Page)*

"The constitutionality of a statute is a pure question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Elia*, 83 A.3d 254, 266 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 94 A.3d 1007 (2014).

The United States Constitution and Pennsylvania Constitution prohibit the enactment of *ex post facto* laws. *See* U.S. Const. art. I, § 10; Pa. Const. art. 1, § 17. "A state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'" *Commonwealth v. Wall*, 867 A.2d 578, 580 (Pa.Super. 2005) (quoting *Commonwealth v. Fleming*, 801 A.2d 1234, 1236 (Pa.Super. 2002)). "[T]he standards applied to determine an *ex post facto* violation under the Pennsylvania Constitution and the United States Constitution are comparable." *Commonwealth v. Young*, 536 Pa. 57, 65 n.7, 637 A.2d 1313, 1317 n.7 (1993), *cert. denied*, 511 U.S. 1012, 114 S.Ct. 1389, 128 L.Ed.2d 63 (1994). The test of whether a law violates the *Ex Post Facto* Clause of the Federal Constitution is as follows:

_____
*(Footnote Continued)*

granting defendant's petition to enjoin registration requirement on ground that offense to which defendant pled guilty did not require registration under SORNA); *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 95 A.3d 276 (2014) (affirming trial court's order granting defendant's motion to terminate registration requirements of SORNA on ground that retroactive application of SORNA would offend negotiated term of defendant's plea agreement).

First, we must look to the legislature's subjective purpose. ***Smith v. Doe***, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). "If the intention of the legislature was to impose punishment, that ends the inquiry." ***Id.*** However, if the legislature prefers to refer to the statute as imposing a civil regulatory scheme, a more searching inquiry in the second step is required. ***Id.*** In conducting this second step inquiry, "we must [] examine whether the statutory scheme is so punitive either in purpose or effect as to negate [the State's] intention to deem it civil." ***Id.*** The Supreme Court has held that only the "clearest proof" will suffice to override the legislature's preferred classification of the statute. ***Id.***

***Commonwealth v. Perez***, ___ A.3d ___, ___, 2014 PA Super 142, **\*2**

(filed July 9, 2014). With respect to the second step inquiry:

[T]he Supreme Court in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), mandated a seven factor test to determine whether the effects of a statute are sufficiently punitive to override the legislature's preferred categorization.

Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.

***Perez, supra*** at **\*2**-**3** (quoting ***Mendoza-Martinez, supra*** at 168-69, 83

S.Ct. at 567-68, 9 L.Ed.2d at ___). This list of factors is, however, "neither

exhaustive nor dispositive." ***U.S. v. One Assortment of 89 Firearms***, 465

U.S. 354, 365 n.7, 104 S.Ct. 1099, 1106 n.7, 79 L.Ed.2d 361, ___ n.7 (1984).

Additionally:

> [W]hen presenting a claim for higher protections under the Pennsylvania Constitution, the Appellant must discuss the following four factors:
>
> > 1) text of the Pennsylvania constitutional provision;
> >
> > 2) history of the provision, including Pennsylvania case-law;
> >
> > 3) related case-law from other states;
> >
> > 4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence.

*Perez, supra* at **\*10**-**11** (quoting *Commonwealth v. Edmunds*, 526 Pa. 374, 390, 586 A.2d 887, 895 (1991).

After determining the General Assembly did not intend SORNA to be punitive, the *Perez* Court applied the *Mendoza-Martinez* test and concluded the effects of SORNA are not "sufficiently punitive to overcome the General Assembly's preferred categorization." *Perez, supra* at **\*10**. This Court explicitly held the retroactive application of SORNA did not violate the prohibition against *ex post facto* laws in the United States Constitution. *Id.* at **\*11**. The *Perez* Court also rejected the defendant's identical claim under the *Ex Post Facto* Clause of the Pennsylvania Constitution for failure to conduct the analysis required by *Edmunds, supra*.

Instantly, Appellant committed and pled guilty to the offense of possession of child pornography, prior to the enactment of SORNA. As a consequence of his conviction, Appellant was required to register as a sex offender for ten years under the Megan's Law statute then in effect. While Appellant was still under registration requirements, SORNA increased Appellant's registration period to fifteen years. The effects of SORNA, however, are not sufficiently punitive to override the General Assembly's classification of the statute as regulatory and non-punitive. *See id.* Thus, the retroactive application of SORNA registration requirements to Appellant does not violate the *Ex Post Facto* Clause of the United States Constitution. *Id.* Moreover, in his brief, Appellant makes no argument that the Pennsylvania Constitution provides greater protection against *ex post facto* laws, other than to note generally, "Pennsylvania's Constitution affords greater protection than federal law where compelling reasons exist." (Appellant's Brief at 11). Absent more, Appellant's claim that the Pennsylvania Constitution bars the retroactive application of SORNA likewise fails. *See Perez, supra*. Based on the foregoing, we affirm the court's decision to deny Appellant's petition to terminate his new registration requirements under SORNA on the ground alleged.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014