**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SETH M. CRITTENDEN | |
| Appellant | No. 1372 MDA 2013 |

Appeal from the Sentencing July 1, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002913-2012

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 23, 2014**

Seth M. Crittenden appeals from the judgment of sentence imposed on July 1, 2013, in the Court of Common Pleas of Berks County.  On March 5, 2013, a jury found Crittenden guilty of two counts of indecent assault[1] and one count of indecent exposure.[2]  The court sentenced Crittenden to a term of six to 23 months' imprisonment plus four years of probation.  On appeal, Crittenden raises the following two issues:  (1) the court erred in grading the indecent assault (complainant less than 13 years of age) as a third-degree felony instead of a first-degree misdemeanor; and (2) counsel was ineffective in failing to conduct a reasonable investigation and present the

_____

[1]  18 Pa.C.S. §§ 3126(a)(1) and (a)(7).

[2]  18 Pa.C.S. § 3127(a).

testimony of witnesses who would have testified about positive and friendly interaction between Crittenden and the victim after the dates of the offenses. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm in part and vacate in part.

The trial court set forth the facts as follows:

> The complainant in this case is a juvenile referred to herein as "K.R." In November 2011, officials were alerted by school personnel that K.R. reported having been sexually abused several years earlier. An investigation ensued, in which K.R. reported that [Crittenden] had on several occasions touched and fondled her genitals and otherwise engaged in sexual contact with her, at her family's home in Amity Township, Berks County, Pennsylvania.

> These incidents began when K.R. was seven years old. K.R. described four distinct incidents. She testified that the first took place in her bedroom while the families were gathered at her home to watch a NASCAR race. She testified that she and [Crittenden] were alone playing video games when [Crittenden] told her that if she wanted to play the game, she had to allow him to put his hands in her pants. [K.R.] could not remember the exact date this occurred, only that it was one of her earliest memories and that age 7 was the earliest age she could think back to.

> The second incident K.R. testified about also took place in her bedroom, again when she was alone with [Crittenden]:

>> He told me to take my pants off so I did, and so he put his mouth on my vagina and I let him…. He took his pants off and told me to put my mouth on his penis…. It went on until the point where he ejaculated.

> K.R. testified that this incident went on approximately five minutes.

> K.R. testified of a third occasion which she remembered taking place in the upstairs bathroom:

- 2 -

> He told me to take my clothes off so I did. And then he took his clothes off. And then he laid on top of me in the bathroom…. He rubbed his penis in my vagina but it didn't go inside me.

K.R. said this went on for approximately 10 minutes.

The fourth and last occasion of which K.R. testified took place in her brother's bedroom, on April 28, 2007, the date of her older sister's sixteenth birthday celebration. K.R. testified that she, [Crittenden], and her brother were playing video games in her brother's room, and that she and [Crittenden] were lying next to each other on the bed:

> We were all playing video games. And my brother went to the bathroom. And [Crittenden] came up and put his arms around me and tried to put his hands down my pants but I told him no and I tried to get away. And I told him no multiple times until I just gave up….

This went on until K.R.'s brother came back from the bathroom and walked into the room, while [Crittenden]'s hands were still in K.R.'s pants. K.R. testified: "He touched my vagina but not for very long because that's when my brother walked in. [Crittenden] quickly pulled his hands out." K.R.'s brother also testified that when he came back into the room "they were laying down in my bed in a spooning position. And when I walked in, they both jumped up. And we continued to play video games."[2]

[2] K.R. and her brother gave materially consistent accounts of that occasion, with some factual differences: K.R. testified that the door was open and that she and [Crittenden] were under the covers; her brother testified that the door had been closed and that K.R. and [Crittenden] were on top of the covers.

In November 2011, K.R. made the following entry in her journal:

> One thing I would put on my shirt would be "sexually abused." A lot of people don't know, but when I was younger my two cousins did some pretty bad things to me. The only [sic] they stopped was because my brother found

out and told my parents. From the age of 5 to 10 this went on, 7 years. What I feel now is mostly not hate. I'm afraid of what'll happen if I'm alone with any guy. Even if it's my friend.

This journal entry prompted K.R.'s teacher to contact school officials, who reported it to the police. An investigation by the Berks County District Attorney resulted in [Crittenden]'s arrest on May 27, 2012.

Trial Court Opinion, 12/17/2013, at 2-4 (record citations omitted).

Crittenden was charged with rape, involuntary deviate sexual intercourse, aggravated indecent assault, and indecent exposure. A two-day jury trial began on March 4, 2013. As noted above, the jury convicted Crittenden of two counts of indecent assault and one count of indecent exposure. The jury acquitted him of the remaining charges. The trial court sentenced Crittenden on July 1, 2013 to a term of six to 23 months' imprisonment for the indecent assault (complainant less than 13 years of age) conviction, and two consecutive terms of two years' probation for the other indecent assault (without the consent of the other person) conviction and the indecent exposure offense. Crittenden did not file post-sentence motions but did file a timely notice of appeal.[3]

Preliminarily, we note Crittenden's challenge to the effective assistance of trial counsel must be deferred until collateral review. Recently, the

_____

[3] On August 1, 2013, the trial court ordered Crittenden to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Crittenden filed a concise statement on August 21, 2013. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 17, 2013.

Pennsylvania Supreme Court in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra**, 79 A.3d at 576. Although the **Holmes** Court recognized two exceptions to that general rule, neither is applicable here.[4] Accordingly, we dismiss Crittenden's ineffectiveness claim without prejudice to him to raise in a timely collateral proceeding.

In his remaining issue, Crittenden claims the trial court erred in grading Count 12, indecent assault (person less than 13 years of age), as a third-degree felony instead of a first-degree misdemeanor for several reasons. First, he raises an *ex post facto* clause[5] argument, claiming the

_____

[4] The **Holmes** Court limited those exceptions to the following: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, **supra**, 79 A.3d at 564, 577 (footnote omitted).

[5] **See** U.S. Const. Art. I, § 10; Pa. Const. Art. I, § 17. "A state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and 'inflicts a greater punishment than the law
*(Footnote Continued Next Page)*

indecent assault statute was amended on November 23, 2005, during the time when these assaults occurred. Crittenden's Brief at 16-18, 22-23. He states, "Given that [the victim] could not recall the exact or … the approximate dates of the inappropriate contact she described, it could thus have occurred either before or after the amendment." *Id.* at 16. Therefore, he claims the court should have applied the pre-amendment grading. Second, Crittenden asserts the court erred in failing to provide the jury with an instruction regarding "course of conduct," which was a necessary factor in grading the crime as a third-degree felony. Relying on **Commonwealth v. Surovcik**, 933 A.2d 651 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008), he states the "lack of a jury instruction on course of conduct negates consideration of that factor for sentencing purposes, and … [Crittenden] should only be considered for a first-degree misdemeanor[.]" Crittenden's Brief at 21. Lastly, Crittenden contends "the classification of his offense as a felony as opposed to a misdemeanor makes a great deal of difference, especially considering the opprobrium that would attach to his vocational and social status in the future." *Id.*

We begin with Crittenden's *ex post facto* argument. It merits mention Crittenden's *ex post facto* claim was raised for the first time in his appellate

(Footnote Continued) ─────────────

annexed to the crime, when committed.'" **Commonwealth v. Fleming**, 801 A.2d 1234, 1237 (Pa. Super. 2002) (citation omitted), *appeal denied*, 906 A.2d 539 (Pa. 2006).

brief before this Court. Normally, we would find the issue waived pursuant to **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), and its progeny. **See also** Pa.R.A.P. 302. However, because Crittenden's challenge is to the legality of his sentence, it cannot be waived. **See Commonwealth v. Tustin**, 888 A.2d 843, 845 (Pa. Super. 2005) (due process constitution argument was not waived for failure to raise with trial court because it involved grading of an offense which implicates the legality of the sentence, a non-waivable sentencing issue).

Our standard of review is as follows.

A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. We can raise and review an illegal sentence *sua sponte.* When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law.

**Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (internal citations and quotation marks omitted). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Williams**, 868 A.2d 529, 532 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1059 (Pa. 2005).

"A state law violates the *ex post facto* clause if it was adopted after the complaining party committed the criminal acts and 'inflicts a greater

punishment than the law annexed to the crime, when committed.'"
***Commonwealth v. Wall***, 867 A.2d 578, 580 (Pa. Super. 2005), *quoting*
***Commonwealth v. Fleming***, 801 A.2d 1234, 1236 (Pa. Super. 2002)); ***see***
***also Commonwealth v. Vaughn***, 770 A.2d 287, 289 n.2 (Pa. 2001).

Pertinent to this argument, Section 3126(b) "formerly read:
'Grading.--Indecent assault under subsection (a)(7) is a misdemeanor of the
first degree. Otherwise, indecent assault is a misdemeanor of the second
degree.'" 18 Pa.C.S. § 3126, Amendment Notes. The statute was amended
on November 23, 2005, effective 60 days later on January 23, 2006 ("the
2005 amendment"). The 2005 amendment rewrote Subsection (b) to read
as follows:

(b) Grading. --Indecent assault shall be graded as follows:

(1) An offense under subsection (a)(1) or (8) is a misdemeanor
of the second degree.

(2) An offense under subsection (a)(2), (3), (4), (5) or (6) is a
misdemeanor of the first degree.

(3) An offense under subsection (a)(7) is a misdemeanor of the
first degree unless any of the following apply, in which case it is
a felony of the third degree:

(i) It is a second or subsequent offense.

(ii) There has been a course of conduct of indecent assault
by the person.

(iii) The indecent assault was committed by touching the
complainant's sexual or intimate parts with sexual or
intimate parts of the person.

- 8 -

> (iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

18 Pa.C.S. § 3126(b). Therefore, the 2005 amendment inflicted a greater punishment upon those who committed indecent assault under Subsection (a)(7) if any of the four exceptions to Subsection (b)(3) applied because it raised the grading of the offense and consequently, the statutory maximum. *See Wall*, *supra*.

Here, the record reveals the following: The victim was born in 1997. She testified Crittenden sexually assaulted her four times. She stated she believed the first incident occurred in 2004 when she was seven years old because that was "the earliest [she could] think back to." N.T., 3/4/2013- 3/5/2013, at 38. The second and third assaults occurred subsequently but the victim could not recall the date or how old she was at the time. *Id.* at 39, 44. With respect to the final incident, the victim did remember that it occurred in 2007 when she was 10 years old and on the morning of her sister's birthday party. *Id.* at 50-51. The jury convicted Crittenden of two counts of indecent assault. According to the trial court, and based on the verdict slip,[6] the second incident resulted in Crittenden's conviction of indecent assault (complainant less than 13 years of age) (third-degree felony), under 18 Pa.C.S. § 3126(a)(7), and the fourth incident brought

---

[6] *See* Verdict of the Jury, 3/5/2013, at 1-2.

about his conviction of indecent assault (without the consent of the other person) (second-degree misdemeanor), under 18 Pa.C.S. § 3126(a)(1). *See* Trial Court Opinion, 12/17/2013, at 9.

Therefore, for the jury to have found that Crittenden committed indecent assault as third-degree felony, it had to have found that the second incident of sexual assault took place after January 23, 2006, the date the 2005 amendment went into effect. The evidence, presented at trial, only established that the first incident happened in 2004, prior to the amendment, and the final assault occurred in 2007, after the amendment. There was no testimony as to when the second incident occurred because the victim could not recall any specific details regarding when the assault took place. Nevertheless, the trial court utilized Subsection (b)(3)(ii) to increase the grading of the crime, a subsection that may have been implemented **after** Crittenden committed the convicted criminal conduct.[7] In so doing, the trial court imposed an illegal sentence on Crittenden's Count 12, indecent assault (person less than 13 years of age) conviction. Accordingly, we are constrained to remand for re-sentencing.

We direct the court to amend Crittenden's sentence to reflect the difference in grading as Crittenden's conviction should have been graded as

_____

[7] Moreover, it bears mentioning the jury made no finding as to whether there had been a course of conduct of indecent assault by Crittenden pursuant to Subsection (b)(3)(ii).

a first-degree misdemeanor. Nevertheless, our resolution of Crittenden's *ex post facto* issue does not upset the trial court's sentencing scheme as the parties stipulated that for the purposes of sentencing, the court would impose a sentence based on an offense gravity score ("OGS") of five, which is the same OGS as a first-degree misdemeanor. **See** Trial Court Opinion, 12/17/2013, at 10.[8]

Accordingly, we vacate the judgment of sentence in part. The sentence shall be amended to reflect Count 12, indecent assault (person less than 13 years of age) as a grading of first-degree misdemeanor. The remainder of the sentence is affirmed.

Judgment of sentence affirmed in part, without prejudice to pursue ineffectiveness claims on collateral review, and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014

---

[8] Furthermore, our conclusion renders Crittenden's jury instruction and societal opprobrium arguments moot.

- 11 -